PASSONS *v.* STATE.

No. 41707 November 21, 1960 124 So. 2d 847

*Hugh L. Bailey, Rupert Ringold,* Winona, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

ETHRIDGE, J.

Appellant, Robert Earl Passons, was convicted in the Circuit Court of Montgomery County of robbery with firearms. Miss. Code 1942, Rec., Sec. 2367. He was sentenced to ten years in the state penitentiary, and appeals.

■■ ■ The evidence was sufficient to support the conviction. Mr. and Mrs. G. C. Castle operated a motel in Winona. On the night of January 8, 1959, Mrs. Castle was keeping the office. Her husband was ill and had retired. Around 11:35 p.m. two men entered the office and one of them, the leader, pointed a pistol at Mrs. Castle, required her to open the safe, and took from her about $125 in cash. The crime took place over a period of about twenty five minutes, while the robbers were threatening Mrs. Castle in order to get her to open the safe. Her testimony is the only evidence connecting defendant with the crime. We have examined it carefully. Mrs. Castle made an intelligent and perceptive witness. She was with defendant and his accomplice, according to her testimony, around twenty five minutes, and had ample time to observe and remember his appearance. She was positive in her identification of Passons, stating she could not "possibly be mistaken," and was "just as positive as a person can be." Her eyesight was good, she did not wear glasses, and certainly her powers of perception and memory appeared to be sound. The jury was amply warranted in accepting her testimony identifying defendant as one of the robbers.

Defendant denied he was guilty, and said that on that night he was with Jerry L. Knotts and Billy Polk in Jackson, about ninety miles from Winona. However, Knotts testified that he saw Passons early that afternoon, and no later; and Polk said he did not see de-

fendant after 8 to 8:30 p. m. Mrs. Strong, another witness for defendant, stated on cross-examination that she saw Passons two days after the robbery occurred. He was going to Vicksburg and then to California, and told her, "I am hot, I've got to get out of town," that he had written some bad checks. In short, the witnesses for defendant do not support his asserted alibi, since they do not place him in Jackson any later than three hours before the crime occurred. Moreover, the testimony of Mrs. Castle was exceptionally strong, and amply warranted the jury in accepting her identification of Passons as the guilty man, and rejecting defendant's assertion he was somewhere else.

■■ The character and adequacy of evidence of identification of an accused in a criminal case is primarily a question for the jury, provided the evidence could reasonably be held sufficient to comply with the requirement of proof beyond a reasonable doubt. ■■ The jury need not be controlled by the number of witnesses testifying to the identification of an accused. Identification based on the testimony of a single witness, if complying with the standard in criminal cases, can support a conviction, even though denied by the accused. The jury can appraise the truthfulness of an asserted alibi. In short, positive identification by one witness of the defendant as the perpetrator of the crime may be sufficient, as in the instant case. 23 C. J. S., Criminal Law, Sec. 920, p. 192.

■■ The trial court correctly refused appellant's requested instruction which would have authorized an acquittal if there was any reasonable hypothesis consistent with innocence. This theory is applicable only to cases resting entirely upon circumstantial evidence. Smith v. State, 233 Miss. 886, 889, 103 So. 2d 360 (1958). Certainly Mrs. Castle's testimony was not circumstantial but direct evidence by the victim of the crime. ■■ Nor was there any error in refusing the instruction requested by defendant which would have required the jury

to believe that he took from Mrs. Castle exactly $125, when the evidence showed that the exact amount taken was not known but it approximated $125. █ Moreover, the instruction erroneously stated that the jury should acquit defendant unless it found the money was taken from the person of Mrs. Castle, when the evidence showed that part of it was taken from her person, and part from the safe. Code Sec. 2367.

 █ The State offered Gwin Cole, Assistant Director, Bureau of Identification of the Mississippi Highway Patrol, who testified (as did a deputy sheriff) that Mrs. Castle identified Passons from a group of pictures which he sent her, and also from a lineup at the jail. The trial court properly sustained defendant's objection to the introduction of these pictures in evidence. They were offered only for identification, and the jury did not see them. On cross-examination defendant's counsel developed in detail that the pictures were those of several convicted criminals in the files of the Highway Patrol. For both of these reasons, there was no error.

Affirmed.

*McGehee, C. J.*, and *Kyle, Holmes,* and *Gillespie, JJ.,* concur.