BURGESS *v*. STATE.

No. 42237      October 8, 1962      145 So. 2d 160

*Clay B. Tucker,* Woodville, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

JONES, J.

The Circuit Court of Wilkinson County sentenced appellant to serve three years in the State penitentiary for the theft of a heifer calf of the value of $65.00. On appeal appellant insists that (a) he was entitled to a peremptory instruction, and (b) that the State erred in not including in its instruction the statement that the jury must believe him guilty to the exclusion of every other reasonable hypothesis.

On the morning of August 15, 1961, on the side of a public road in Wilkinson County, there was found the severed head of a red calf marked with a smooth crop off the right ear. The calf had been shot with a 22-calibre weapon.

The proof in this case showed beyond question that, the night before, the appellant and one Zane Smith had

driven to the community from St. Francisville, Louisiana; that the appellant, in the presence of Smith, shot the calf; that they butchered the calf, threw the head and other parts on the side of the road; that on the way from the scene of the shooting to St. Francisville (several miles away), the butchering was nearly completed; that on arrival in St. Francisville the meat was placed in a freezer; that the calf was the property of one Rock Carter.

When first approached, appellant denied any knowledge of the calf. After the appellant and Smith had received information on the 15th that the officers were checking on them they drove to Rock Carter's home in Wilkinson County and undertook to pay him for the calf.

Appellant's defense was that the truck had struck the calf, broken its leg, and that it was shot to relieve it of suffering; further, that it was appellant's purpose and Smith's purpose to return to Wilkinson County on Thursday the 17th to undertake to find the owner and compensate him for the calf. An inspection of the truck disclosed no signs of its having struck anything; neither were the officers able to find in the road any signs as of an animal scuffling. The issue was submitted to the jury as to whether there had been an unlawful asportation with a felonious intent. ■■ ■ The jury found that there had and we think the evidence was sufficient to justify the finding.

As stated, appellant asserts that this was a case of circumstantial evidence and that the State's instruction should have required the jury to believe the appellant guilty "beyond every other reasonable hypothesis."

There was direct proof by the admission of appellant that he had shot the calf and that he and his companion had butchered it and transported it to Louisiana. ■■■ We do not think that this was such a case of circumstantial evidence as required the inclusion of that phrase in

the instruction. Pettus v. State, 200 Miss. 397, 27 So. 2d 536; Passons v. State, 239 Miss. 629, 124 So. 2d 847.

Affirmed.

*McGehee, C. J., and Kyle, Gillespie and McElroy, JJ.,* concur.