SMITH, Justice:
Thomas S. Carroll was convicted of attempted burglary in the Circuit Court of Forrest County, Mississippi, and sentenced to serve a term of four years in the penitentiary. This appeal is from that conviction.
The principal argument for reversal is addressed to the proposition that the indictment is insufficient in that it charges that the building sought to be burglarized was the building “leased and occupied by Nell Waldrup, doing business as Capri Lounge,” and that, moreover, the only proof offered in support of that allegation was incompetent as hearsay.
Appellant contends that ownership of a building sought to be burglarized must be alleged in the indictment and proved as alleged, citing Bynum v. State, 242 Miss. 862, 137 So. 2d 515 (1962).
*872 However, this Court has held that “possession is enough as against burglars.” Lewis v. State, 85 Miss. 35, 37 So. 497 (1904). In Lewis this Court said:
The charge is that the place was “a certain baker shop, the property of one William Grimes,” and the proof is that William Grimes had used and occupied it as a baker’s shop for eighteen months. This is enough, though the fee simple of the house was in another person. Possession is enough as against burglars.
In Bynum the indictment charged that the building was the property of one Edd Alexander while the proof showed that it belonged to several devisees under a will.
Moreover, in Bynum, the Court’s decision that there was a fatal variance between the indictment and proof was based upon the fact that not only was the building in question not the property of Edd Alexander, as charged in the indictment, but that his status therein as “lessee in possession” was not alleged and the proof was unclear as to whether it was, in fact, occupied by him or by Alexander Tractor Company, and there was nothing to show whether the latter was “a foreign or a domestic corporation.” In Bynum the Court said:
The indictment should have been amended so as to allege the relation of Edd Alexander thereto as a lessee in possession. Apparently, the indictment in the present case was drawn with that statement in mind.
The second point in the argument is to the effect that there was no competent evidence to support the allegation that the building in question was “leased and occupied by Nell Waldrup, doing business as Capri Lounge.” This contention is based upon an assertion that the only testimony addressed to this fact was given by a witness who said that his statement with respect thereto was “of his own knowledge.” It is contended, however, that because he also said “my wife does the cleaning there” and “I go with her all the time, I’m with her every day,” it must be assumed that his testimony was hearsay.
No effort was made to impeach the witness, nor to contradict his testimony in any way, and the only evidence in the record with respect to the proposition is that his statement as to the occupancy of the building was “of his own knowledge.” Moreover, appellant declined to cross-examine this witness, as he might have done, to show the source and extent of the witness’s knowledge as to the occupancy of the building.
If the testimony was hearsay, that fact is not established in the record.
Appellant complains of the following instruction given at the request of the prosecution.
The Court instructs the Jury for the State that you do not have to know that the defendant is guilty of the crime charged in the indictment before you would be warranted in convicting him; all that the law requires is that you must believe from the evidence, beyond a reasonable doubt, that, he is guilty of the crime charged, and if you so believe, then it would be your sworn duty to find the defendant guilty as charged.
While the instruction contains a correct statement of an abstract principle of law, we think that it falls within that class of instructions which it would be better not to give but which, in themselves, do not constitute reversible error. The evidence of guilt in this case was .ample and we find no reversible error in the record.
Affirmed.
GILLESPIE, P. J., and RODGERS, PATTERSON and ROBERTSON, JJ. concur.