INZER, Justice:
Appellant, Henry S. Weir, Jr., was indicted, tried and convicted in the Circuit Court of Monroe County for the crime of shooting into an occupied dwelling. He was sentenced to serve a term of seven and a half years in the State Penitentiary, with five years suspended on good behavior. From this conviction and sentence he appeals. We affirm.
The proof on behalf of the State establishes that about 10:30 A.M. on the morning of December 31, 1966, shots were fired into the dwelling owned by W. L. Smith and located in the City of Amory. At that time Brenda Kay Smith, his daughter, aged *734 fourteen, her grandmother, and her friend Mary Egile 'were in the house. The girls were in the den when they heard a noise they first thought to be a fire cracker, but then something broke the window in the room where they were sitting. They looked out the window and saw appellant standing about 140 feet away with a rifle in his hand pointing toward the house. The girls went outside and approached the place where appellant was standing. Appellant started to get in his car and Brenda Kay said to him, “Henry Weir you have had it.” The girls then started back toward the house and appellant fired another shot which caused the girls to run into the house. Appellant then left and Mrs. Smith called the police. Officers Martin and Elliott answered the call. Their investigation revealed a bullet had gone through the window in the den, then through a folding door between the den and living room. They followed the path of' the bullet and found the place where the bullet had struck the wall, but only dented it. They searched the room and found the bullet on the couch near where it had struck the wall. The officers left and shortly thereafter found appellant in downtown Amory near the bank where they arrested him.
On January 2, 1967, Chief of Police Noble Garrett and another officer went back to the Smith home and they found a bullet imbedded in the frame of the living room door and another in the corner of the carport. These bullets were removed and they, together with the bullet found on the couch, were identified as being .22 calibre.
Brenda Kay testified that she had known appellant for about three years and that she had gone to the show with him on one or two occasions. She said that on the following day she saw appellant at the picture show and she asked why he did it. He told her it was because she liked another boy and did not like him. When she asked him what he did with the gun, he said he threw it in the Tombigbee River.
Appellant testified in his own behalf and denied that he shot into the house or that he was anywhere near the Smith home on the day in question. He denied that he had a .22 rifle or any other type of gun. He said that he was at home on the morning in question and that he slept until about 10:15 when he got up, dressed and drove to the Bank of Amory where he cashed a check. As he was leaving the bank and returning to his car he was arrested and confined in jail until the following morning. He denied that he saw Brenda Kay on the next day or that he had any conversation with her or that he ever admitted that he shot into the house. His father and mother testified that they left home about 10 A.M. on the morning in question and when they left, appellant was in bed asleep.
Appellant first contends that the only instruction granted the State was defective for the reason that it did not require the jury to exclude every other reasonable hypothesis before finding appellant guilty. The basis for this argument is that the State’s case is based solely on circumstantial evidence and that under such circumstances the State is required not only to prove the defendant guilty beyond a reasonable doubt and to a moral certainty, but also to the exclusion of every other reasonable hypothesis and that the jury must be so instructed.
We find no merit in this contention. The State’s case is not based solely on circumstantial evidence. It is based in part on direct evidence and in part on circumstantial evidence. This is not unusual in criminal cases and it is only where the evidence is entirely circumstantial that the jury is required to exclude every other reasonable hypothesis other than guilt before a conviction may be had. Burgess v. State, 245 Miss. 1, 145 So.2d 160 (1962); Passons v. State, 239 Miss. 629, 124 So.2d 847 (1960); Pettus v. State, 200 Miss. 397, 27 So.2d 536 (1946).
*735 Furthermore, the trial court instructed the jury at the request of the appellant that before it could be warranted in convicting the appellant that, “he must be proven by the State to be guilty so clearly and conclusively that there is [in your mind from the evidence] no reasonable theory upon which he can be innocent when all the evidence in this case is considered together.” The effect of this instruction is to require the jury to exclude every other reasonable hypothesis than guilt before finding the appellant guilty. If it could be said that the State’s case was based entirely on circumstantial evidence, when the instructions for the State and for the defendant are read together they would have correctly instructed the jury as to the law under such circumstances.
Appellant urges that the trial court committed reversible error in making comments while sustaining objections during the trial of the case. A careful review of the record reveals that the comments made by the trial judge consisted mainly of giving his reasons why he was sustaining an objection interposed by counsel for the State. These comments fall within the category found in Kitchens v. State, 243 Miss. 194, 137 So.2d 919 (1962) where we said:
Objection is also made to some of the statements made by the court. These statements were in explanation of the court’s ruling and were not an abuse of his discretion, and not sufficient to cause a reversal. (243 Miss, at 197, 137 So.2d at 920)
Appellant also urges that the verdict of the jury is contrary to the credible proof and the weight of the evidence and clearly shows bias and prejudice on the part of the jury. Appellant points out that all essential elements of the State’s proof are contradicted by testimony offered by appellant. The conflicting evidence presented a jury question. The jury accepted the version of the State and we find that the evidence is sufficient to sustain the verdict of the jury.
Finally, appellant urges that this case should be reversed because of the trial court’s excluding women from the jury. This contention has been adversely decided against the appellant in so many recent cases that this question is finally foreclosed to further consideration by this Court.
For the reasons stated this case should be, and is affirmed.
Affirmed.
GILLESPIE, P. J., and JONES, BRA-' ' DY and ROBERTSON, JJ., concur.