ROBERTSON, Justice.
The appellant, Willie B. McGill, was indicted for the murder of Varlene Jones by the Forrest County Grand Jury. After a full trial the jury returned a verdict of manslaughter, and the appellant was sentenced to twenty years in the state penitentiary. He appeals.
On Saturday, December 14, 1968, appellant and his step father-in-law, Varlene Jones, together with their wives, were attending a birthday party in the home of Booker T. Spencer. The party was being held three weeks early because Spencer contemplated a trip to the Gulf Coast in January to visit his children. The party started about 8:30 in the morning, and liquid refreshments furnished by the host included a case of Schlitz beer in quart bottles and six half-pints of Early Times. By early afternoon all of the beer and most of the whiskey had been imbibed.
The testimony was that Varlene Jones, in a rather drunken state, arose from the couch in the living room with an open switchblade knife in his hand. Thereupon the appellant, also feeling no pain, arose from a chair across the room with an open switchblade knife in his hand. One of the witnesses, Clama J. Ingram, testified that he stepped between Jones and McGill, ordered Jones to give him his knife, whereupon Jones opened up his right hand and Ingram took his knife. Ingram turned away for an instant, closed the knife and put it in his pocket. When he turned back around, Jones had slumped to the floor and McGill was standing over him with his knife in his hand and blood on the blade. Jones was bleeding from a stab wound in his left chest.
An ambulance was called, and witness Ingram, appellant McGill and his wife accompanied Jones to the hospital, where he was pronounced dead on arrival. The ex *452 amining doctor testified that Jones bled to death from the one stab wound in his left chest.
The appellant contends that:
The court erred in overruling the motion for a new trial because the verdict of the jury was against the overwhelming weight of the evidence;
The court erred in sustaining objections to the questions about the reputation, character and habits of the deceased inasmuch as the only defense interposed was self-defense ;
The court erred in granting the following instruction to the State:
“The Court instructs the Jury for the State that you do not have to know that the defendant is guilty of the crime charged in the indictment before you would be warranted in convicting him; all that the law requires is that you must believe from the evidence, beyond a reasonable doubt, that he is guilty of the crime charged, and if you so believe, then it would be your sworn duty to find the defendant guilty as charged.”
The evidence was ample to support a verdict of manslaughter, the jury was justified in returning such a verdict, and the court was correct in overruling the motion for a new trial.
In view of the fact that the evidence was undisputed that the victim, Jones, had been disarmed at the time of the cutting, the appellant would be hard put to prove that the deceased was the aggressor; but, be that as it may, the question asked of witness Ingram by defense counsel was improper. The question asked was: “Do you know whether or not Varlene has a habit of carrying his knife with him ?” The court was correct in sustaining an objection to this question. No other questions were asked by defense counsel as to the general reputation of the deceased for peace and violence.
The instruction complained of should not have been given. In Carroll v. State, 215 So.2d 871 (Miss.1968), we said of a similar instruction:
“While the instruction contains a correct statement of an abstract principle of law, we think that it falls within that class of instructions which would be better not to give but which, in themselves, do not constitute reversible error. * * *” (Id. at 872).
Carroll was not a close case; neither is this case, but in a close case such an instruction might constitute the difference between an affirmance and a reversal. We strongly urge district attorneys not to ask for this instruction, and judges not to grant it. A word to the wise should be sufficient.
Affirmed.
ETHRIDGE, C. J., and JONES, PATTERSON and INZER, JJ„ concur.