241 So.2d 826 (1970)
Frederick W. NOBLES, Jr.
v.
STATE of Mississippi.
No. 46054.
Supreme Court of Mississippi.
December 7, 1970.
Eugene Thompson, Marks, for appellant.
A.F. Summer, Atty. Gen., by G. Garland Lyell, Jr., Asst. Atty. Gen. and John M. Kinard, Sp. Asst. Atty. Gen., Jackson, for appellee.
RODGERS, Justice.
The appellant, Frederick W. Nobles, Jr., was indicted, tried and convicted of the crime of burglary in the Circuit Court of Yalobusha County, Mississippi. He was sentenced to a term of four years; the last two years of the sentence were suspended *827 during a term of good behavior. He has appealed to this Court from the judgment and sentence of the trial court and complains, through the brief of his attorney, that the conviction should be reversed and remanded because, it is said, two instructions granted the State were improper, and moreover, the evidence was insufficient to support a verdict of guilty.
A synopsis of the evidence indicates that on the morning of July 16, 1969, Roy L. Groner, an employee of Valley Auto Parts, was awakened by a burglar alarm system which permitted him to hear noises in the store. He heard voices and heard the cash register open. He called Lloyd Hughes, the deputy sheriff, and told him what he had heard. The deputy sheriff went to the store and found the back of the building open. The deputy observed someone jump out of a window on the north side of the building and saw him run down a ditch. The man running was shorter and smaller than the defendant. Just at this point, Mr. Groner, who had arrived at the store, saw another man come out of the side door of the building. This person was tall and had a physique similar to the defendant. Both persons escaped. The deputy sheriff got in his car and went down the road and discovered an automobile about two hundred yards from the store. The officer opened the car and discovered five fifths of whiskey and two pistols in the automobile and two bags of silver coins. He called for help on his police radio and finally obtained assistance. The sheriff and a policeman came to his aid. They found a driver's license in a wallet in the automobile containing the name of F.W. Nobles, Jr. The officers began following the trail taken by the escapees. They found a pistol under the window and found silver coins along the trail.
The defendant went to the homes of several Negro families in an effort to get someone to take him to Clarksdale. He offered some of these witnesses one hundred dollars to take him to Clarksdale. At least one of the witnesses had known him for some time and others identified him in the courtroom. He told one of the witnesses that he had been in "Valley Auto" and also had been in the penitentiary and did not want to go back; he said that the damn law was after him.
The Court granted the State the following instruction:
The Court instructs the Jury for the State of Mississippi that you do not have to actually know that the Defendant is guilty before you can convict him; but that it is only necessary that you should believe from the evidence in this case beyond a reasonable doubt that he is guilty; and if you do believe from all the evidence in this case, beyond a reasonable doubt, that the defendant is guilty, it is your sworn duty to find him guilty as charged.
We have condemned the use of this instruction for some time. We had hoped that the district attorneys would cease to use an instruction that is palpably unfair and misleading. It is obviously an effort to placate the natural caution on the part of the jury to require satisfactory evidence of guilt.
In the case of McGill v. State, 235 So.2d 451 (Miss. 1970), we said:
* * * We strongly urge district attorneys not to ask for this instruction, and judges not to grant it. * * * (235 So.2d at 452)
Finally, in Pryor v. State, 239 So.2d 911 (Miss. 1970), we held that this instruction required a reversal, particularly in cases based largely upon circumstantial evidence.
Again, we are called upon to say whether we will permit this dangerous instruction to continue to darken our judicial heritage of fair play. Our answer is that this instruction must not be used in the future. However, inasmuch as the "Don't have to know" instruction has been used by the *828 trial courts for many years, although often condemned by this Court, it is very likely that there are many cases on appeal in which this instruction was previously used. The Pryor case, supra, was decided on September 28, 1970. The case at bar was tried in the circuit court on January 15, 1970, before we finally condemned this instruction. The case of Spencer v. State, 240 So.2d 260 (Miss. 1970), was tried in the circuit court on March 26, 1969, before Pryor v. State, supra, was decided by this Court; but, inasmuch as we had to reverse Spencer on other grounds, we also took the opportunity to again condemn this bad instruction. We hold, therefore, that the rule condemning the "Don't have to know" instruction will not be considered to be retroactive, but where this instruction has been used in the circuit court after September 28, 1970, the rule in Pryor v. State, supra, is applicable and is reversible error.
It might be well to pause here and point out that instructions generally are not to be used to make out a criminal case. The factual case must be established by the evidence and not by instructions. The instructions are to explain to the jury the law; they are not to be added to the evidence as a part of the factual issue.
The objection to the State's second instruction based upon the theory of guilt if proven beyond a reasonable doubt rather than to the exclusion of every other reasonable hypothesis is not an error because the testimony in this case is not based wholly upon circumstantial evidence. Here we have the confession of the defendant that he had been in "Valley Auto." See Weir v. State, 226 So.2d 733 (1969); Burgess v. State, 245 Miss. 1, 145 So.2d 160 (1962); Passons v. State, 239 Miss. 629, 124 So.2d 847 (1960); Pettus v. State, 200 Miss. 397, 27 So.2d 536 (1946).
We hold that there is sufficient evidence shown in the record in this case to establish a jury issue. However, we are confronted with the following problem raised in the trial court. The issue is whether or not the testimony with reference to the search of the automobile in which the driver's license was found was admissible. The officer testified that he did not have a search warrant to search the vehicle. The defendant objected to the evidence and the trial court ruled that testimony with reference to all of the articles except the driver's license would be excluded from the consideration of the jury. Assuming that the defendant had standing to object to the search of the automobile under the ruling of the Supreme Court in United States v. Jeffers, 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59 (1951), Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), and other cases, nevertheless, under the facts in this case, we are of the opinion that the officers were authorized to search the automobile found parked near the scene of the crime for the following reasons.
The officer knew that a felony had been committed. He was in hot pursuit of the felons who had fled the scene of the crime. He was authorized to go in houses and even break doors in an effort to capture the felons. Section 2471, Mississippi Code 1942 Annotated (1956); Love v. State, 142 Miss. 602, 107 So. 667 (1926). He found various items of evidence as he followed the trail of the escapees. He found a pistol at a window of the burglarized building, and along the way he found silver coins, human tracks and an abandoned automobile. The "exigencies of the situation" were such that the officers were confronted not only with armed escapees, but also were confronted with the duty to prevent the escape by automobile or otherwise, thus authorizing the officer to seize the automobile where he had probable cause to believe the automobile was the "get-away car" or means of escape. Warden, Maryland Penitentiary v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967); Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948). An emergency existed and obviously the search of the automobile was not unreasonable under the circumstances. Ker v. California, *829 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963).
Moreover, the visible evidence seized by the officers required no search warrant. The officer testified that when he discovered the automobile near the scene of the crime he could see pistols and whiskey in the automobile. We hold that this evidence was sufficient for the officer to seize the keys to the automobile and to search for weapons and other evidence tending to identify the owner of the automobile.
We have for many years adhered to the rule that when an officer obtained information by means of the eye (when he was not trespassing at the time) the information was not obtained by an illegal search. One does not violate the constitutional right of privacy of an individual by simply looking at that which is openly visible. Craft v. State, 254 Miss. 413, 181 So.2d 140 (1965); Wilson v. State, 186 So.2d 208 (Miss. 1966); McCollum v. State, 197 So.2d 252 (Miss. 1967).
The U.S. Fifth Circuit Court is in accord with our rule. Davis v. United States, 409 F.2d 1095 (1969). We find the expressions of the California Courts of Appeal to be of interest and to accord with our rule in this state. In People v. Berry, 260 Cal. App.2d 654, 67 Cal. Rptr. 315 (1968), the officers examined an acetylene torch in a red pickup within two miles of the place where a torch had been used in a burglary. The torch was visible in a red pickup truck and the fact that the officers touched the tip of the torch and found that it was hot was not an illegal search. The court said:
* * * They conducted no search; the acetylene equipment was within plain sight and easy reach. * * * (67 Cal. Rptr. at 317)
In the case of People v. Vasquez, 256 Cal. App.2d 342, 63 Cal. Rptr. 885 (1967), when an officer observed a green plant in the home of a person he arrested for a misdemeanor, the officer seized the plant and on search of the house discovered marijuana seed. Objection to the search was made and the court said:
* * * The mere looking at that which is in plain sight is not a search. * * * (63 Cal. Rptr. at 888)
We find no objection to the use of the evidence obtained by the officer in searching an abandoned automobile found near the scene of the crime and hold that the judgment and sentence of the trial court must be affirmed.
Affirmed.
ETHRIDGE, C.J., and BRADY, INZER and ROBERTSON, JJ., concur.