246 So.2d 920 (1971)
Paul MURPHY
v.
STATE of Mississippi.
No. 46349.
Supreme Court of Mississippi.
April 19, 1971.
*921 James W. Bingham, Carroll E. White, Tupelo, for appellant.
A.F. Summer, Atty. Gen., by Velia Ann Mayer, Sp. Asst. Atty. Gen., Jackson, for appellee.
RODGERS, Justice:
The appellant was indicted by the Grand Jury of Lee County, Mississippi, for the crime of rape of a female child under the age of twelve years and, after preliminary sanity examination, he was tried, convicted and sentenced to serve a term of his natural life in the state penitentiary. From this judgment of conviction and sentence he has appealed to this Court and now contends that he should be granted a new trial because, it is said, (1) the trial court permitted the State's attorney to ask the prospective jurors improper questions on voir dire; (2) the trial court should have directed a verdict of acquittal at the close of the prosecution's case; (3) the trial court should not have granted the "do not have to know" instruction; (4) the court erroneously permitted the State to recall the prosecutrix for other evidence after the court had recessed.
During the voir dire examination of prospective jurors the prosecuting attorney asked each venireman the question that, if the State proved that the prosecutrix was a female child under twelve years of age and that the defendant attempted to forcibly have carnal knowledge of her and in so doing "her body was torn or lacerated," could you (the juror) and would you vote to return a verdict of guilty in the case?
This sort of voir dire examination has been frowned upon by this Court. In the case of Phenizee v. State, 180 Miss. 746, 178 So. 579 (1938), this Court had this to say on this subject:
* * * The district attorney has the right in a capital case to reasonably satisfy himself that no juror who entertains conscientious scruples against the death penalty shall remain on a jury, even though the juror or jury may have passed the examination by the judge; and he may to a reasonable length search further into that inquiry. But in so doing he must not go to the extent of forcing what is in the nature of a committal as to what the juror or jury would do in that particular case, nor shall the examination be of such character as to introduce or create the impression that a juror will rest under the frown of official displeasure unless he return a death verdict. The examination on the question we are here considering should be in the abstract as to the class of cases, one of which is about to be tried; not what the juror or jury might or might not do in the particular case then and there at the bar. * * * (180 Miss. at 754, 755, 178 So. at 582)
In McCaskill v. State, 227 So.2d 847 (Miss. 1969), after reversing the case for a new trial because of an erroneous instruction, we pointed out that the district attorney did transcend proper limitations in his voir dire examination. We said:
Many of the questions sought a committal as to what the juror would do or would not do in the case about to be tried. The examination should be in the abstract as to the class of case about to be tried and not as to what the prospective juror might or might not do in the particular case about to be tried. (227 So.2d at 852)
For an example of prejudicial voir dire examination by a trial judge, read the case of Leverett v. State, 112 Miss. 394, 73 So. 273 (1916).
Of course, the district attorney should never attempt to instruct the jury as to what the law is on a given subject; that is the duty of the trial judge. Section 1530 Mississippi Code 1942 Annotated (1956). When it becomes necessary to explain a criminal charge (as in the instant case) the district attorney should preface his questions by saying: If the judge instructs you that the crime in the instant case is so and so, will you accept this as the law in this *922 case and follow it in your deliberation? Cf. State v. Plumlee, 177 La. 687, 149 So. 425 (1933). The prosecuting and defending attorneys should not attempt to obtain a promise from each juror as to what he would do under any given circumstance. Both sides are entitled to a fair trial, but not to a previously committed group of jurors.
In the instant case, however, this procedure was not brought to the attention of the trial judge by an objection. Moreover, it is apparent that the prosecuting attorney was trying to inform the jurors that penetration of the private parts of a child under twelve years of age was not essential in a prosecution for rape of such child. Although the method pursued was erroneous, it was harmless error, if not actually waived by the failure of the defendant to object. The trial judge later gave the proper instruction defining the crime, and moreover, the voir dire examination is largely a matter within the sound discretion of the trial judge and under the facts shown in the instant case we do not believe that the trial judge abused his discretion. Cf. cases collected in Anno. 99 A.L.R.2d 7 (1965).
The second assignment of error in which appellant contends that the trial court should have directed a verdict in favor of the defendant, based upon the argument that the testimony of the prosecutrix did not specify or describe the acts of sexual intercourse, is not well taken. It is apparent from her testimony that she did not know what the defendant was doing, but it is also apparent from the facts described by her that the defendant was attempting to have sexual intercourse with the child. Moreover, the testimony of the examining physician was sufficient to corroborate the testimony of the prosecutrix as well as show the essential statutory requirement of proof of tear or laceration of the private parts of the prosecutrix.
It is true that the trial court should not have granted the "do not have to know" instruction. This instruction has been used many years by the prosecution with impunity, although often condemned by this Court. It finally became necessary for this Court to hold the instruction to be reversible error. We realized, however, that at that time there were many cases then on appeal to this Court in which this instruction was used since this Court had previously permitted the use of the instruction, although we had cautioned against its use. In the case of Nobles v. State, 241 So.2d 826 (Miss. 1970), we held that where the State used this instruction in cases after September 28, 1970, the instruction would be considered to be reversible error.
The appellant argues that, although the instruction was given in a case tried before September 28, 1970, nevertheless the instant case is a circumstantial evidence case and that in the case of Pryor v. State, 239 So.2d 911 (Miss. 1970), this Court pointed out that the "do not have to know" instruction was unfair in circumstantial evidence cases. It may be well for us to point out here that we believe that this instruction is unfair in all criminal cases, and especially in circumstantial evidence cases. The instant case, however, is not a circumstantial evidence case. The testimony is direct, even if it could be said that it is not descriptive.
The argument that the court committed reversible error in permitting the prosecution to recall the prosecutrix for further testimony after a recess of court is not well taken. In the case of Summerville v. State, 207 Miss. 54, 41 So.2d 377 (1949), a statutory rape case, the trial court permitted the prosecution to reopen its case to prove an element of the charge after both sides had rested and this Court held that the trial court did not abuse its discretion.
From a careful examination of the record in the light of the assignment of errors, we find none of the alleged errors to require a reversal of the judgment of the trial court, *923 and for that reason the judgment and sentence of the trial court is affirmed.
Affirmed.
ETHRIDGE, C.J., and BRADY, SMITH and HARPER, JJ., concur.