INZER, Justice.
Appellant, Bobby R. Ferguson, was indicted, tried and convicted in the Circuit Court of Oktibbeha County, Mississippi, for the crime of burglary of a building other than a dwelling house. He was sentenced to serve a term of six years in the State Penitentiary. From this conviction and sentence, he appeals. We affirm.
On January 7, 1975, Sportsman’s Package Store in Starkville, Mississippi, was burglarized. While patroling Highway 82, on which the package store was located, Officer John Banks of the Starkville Police Department was' informed by Mr. Isom Patton that the liquor store was being robbed by two men, one of whom was wearing a red cap. Patton also stated that he heard someone running in the bushes. Upon arriving at the store, Officer Banks found that the door was pried open, that money was strewn all over the floor, and that rolls .of pennies were scattered outside the building leaving a trail to a wooded area. Mrs. Hewlett, owner of the store, subsequently informed Officer Banks a key to the back door, money from the cash drawer, a loaded shotgun and certain other coins were missing. Officer Banks then searched the area back of the store for approximately fifteen minutes until Officer Cooper arrived at the scene. The two officers then drove along Highway 82 to Lee Street to appellant’s house, approximately 400 yards from the store, in order to gain access into the woods to search for the felons. While walking through appellant’s unenclosed back yard toward the woods, the officers saw a coin bag and a red cap matching the description of the one that Patton had seen one of the felons wearing. Upon investigation the bag was found to contain some nickels and the key. The officers also found a pistol, a crow bar, and some pennies on the back steps of appellant’s house. After seizing this evidence, the two officers then went to the front of appellant’s house and knocked and were admitted by appellant. While Officer Cooper was talking to Ferguson, Officer Banks heard a noise near the chimney, which caused him to turn and notice some coins in the fireplace. He then showed Officer Cooper the coins and reached into the chimney where he found another coin bag. The appellant was then advised of his rights and arrested.
Appellant’s only assignment of error is that the trial judge erred in overruling his motion to suppress the evidence found in his backyard and in his house. Citing Davidson v. State, 240 So.2d 463 (Miss.1970), *747 the appellant contends that the officers were trespassing when they crossed his yard, and as such the search of the yard and subsequent search of the house were illegal. However, in Nobles v. State, 241 So.2d 826 (Miss.1970), in response to an appellant’s allegation that evidence was obtained through an illegal search of an automobile, we stated:
The officer knew that a felony had been committed, he was in hot pursuit of the felons who had fled the scene of the crime. He was authorized to go in houses and even break doors in an effort to capture the felons. [Citations omitted] He found various items of evidence as he followed the trail of these escapees. He found a pistol at the window of the burglarized building, and along the way he found silver coins, human tracks, and an abandoned automobile. The “exigencies of the situation” were such that the officers were confronted not only with armed escapees, but were also confronted with the duty to prevent the escape by automobile or otherwise, thus, authorizing the officer to seize the automobile where he had probable cause to believe the automobile was the “get away car” or means of escape. Warden, Maryland Penitentiary v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967); Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948). (Emphasis added) (241 So.2d at 828).
In Hayden, supra, cited in Nobles, the Supreme Court held that a warrantless search and subsequent seizure of evidence contained in a washing machine in a house were not invalid because the “exigencies of the situation made that course imperative,” because the officers had knowledge that a robbery had taken place and that the robber had entered the house shortly thereafter. The officers were merely following a fresh trail left by armed felons.
In the instant case the police were also in hot pursuit of the felons. They had heard dogs barking in the woods, and had been informed that someone had been seen running in the bushes. They had entered defendant’s yard, not to search, but only to gain access to the woods. The cap and coins were clearly visible to anyone who might have been in the yard. The officers had been informed that a loaded pistol was missing from the store and once they found the cap and the coins, the officers had clear authority to knock and enter the house. All the events complained of by the appellant occurred within 45 minutes after the burglary had been committed, and while the officers were fresh on the trail of fleeing felons. Consequently, on the facts stated above, the search was not unreasonable and we cannot say the trial judge erred in overruling the motion to suppress the evidence thus obtained. Accordingly, for the reasons stated, this case must be and is affirmed.
Affirmed.
GILLESPIE, C. J., RODGERS, P. J., and PATTERSON, SMITH, ROBERTSON and SUGG, JJ., concur.