348 So.2d 1034 (1977)
Paula Lynn FOLEY
v.
STATE of Mississippi.
No. 49827.
Supreme Court of Mississippi.
August 10, 1977.
Rehearing Denied August 31, 1977.
*1035 Roy Pitts, Meridian, for appellant.
A.F. Summer, Atty. Gen. by Robert D. Findley, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before INZER, ROBERTSON and WALKER, JJ.
INZER, Presiding Justice, for the Court:
Appellant Paula Lynn Foley and James Douglas Melvin were indicted in the Circuit Court of Lauderdale County for the crime of burglary and larceny. Appellant was tried separately and was convicted. She was sentenced to serve five years in the State Penitentiary with two years suspended. From this conviction and sentence she appeals.
The facts in this case reveal that about 4 a.m. on April 16, 1976, Robert Jones was awakened by the sound of breaking glass. Thinking someone was breaking into his car, he rushed to his apartment window, located catty-cornered and about fifty yards from Howard's Medi-Save Pharmacy in Meridian. Looking out of the window, he saw two persons running out of the broken front window of the pharmacy. Each person was carrying a small bag. Jones watched as the two persons ran to an apartment building directly behind the pharmacy. While he could not actually see the persons as they entered the front door of the apartment building, he did hear the door slam. Leaving his observation post only to reach the telephone, he called the police. After calling, Jones then watched the building until the police arrived, and he saw no one enter or leave the building. The time lapse between the glass breaking and the arrival of the police was less than ten minutes  probably six or seven.
Mr. Jones described the two persons to the police and the description of one of the persons was similar in size, hair length, and hair color to the appellant. He said one of the persons had a high pitched voice and sounded female, but he could not identify appellant as one of the two persons because he had not seen their faces.
Officer Jim Eubanks, one of the officers who arrived at the scene, talked with Jones. When the other officers arrived, they surrounded the apartment building. After talking with Jones about five minutes and determining that a burglary had been committed, Eubanks went into the apartment building. While looking in the hallways and porches outside of the apartment, he discovered a plank extending from the top *1036 porch to the pharmacy. Eubanks walked the plank to the top of the pharmacy building and discovered that a hole had been knocked in the roof of the pharmacy.
The officers searched two of the four apartments with the consent of the occupants. It was ascertained that no one was in the third apartment. After knocking on the door of the fourth apartment and receiving no answer, Eubanks went to the side of the apartment and through the window saw two people in bed. He knocked on the window and called out appellant's name. Appellant came to the door and Eubanks informed her of the burglary and asked permission to search the apartment. Appellant informed Eubanks he would have to have a search warrant. While at the door, Eubanks saw a plank similar to the one that extended from the apartment building to the pharmacy. He then made an affidavit and secured a search warrant. After serving the search warrant, Eubanks and the other officers proceeded to search the apartment. During the course of the search, the officers found a bag containing a large quantity of drugs. Appellant and her companion were then arrested. The officers continued to search and found a money bag containing about $148 concealed in a speaker cabinet belonging to the appellant. The money bag and drugs were identified as belonging to the pharmacy.
Prior to trial appellant filed a motion to suppress the evidence found as a result of the search. The motion was overruled.
On appeal appellant urges that the trial court was in error in refusing to suppress as evidence the fruits of the search.
Appellant bases this assignment on two propositions. It is first contended that the affidavit in support of the probable cause is not sufficient to justify the issuance of a search warrant. The affidavit contained the following underlying facts and circumstances:
At approximately 4:00 a.m. 4-16-76 dispatcher S. Thomas received phone call from Robert Jones w/m 22 apartment # 3 1401 23rd Avenue, who had witnessed 2 subjects leaving Howard Brothers Medi-Save Pharmacy # 2 2225 14th St., Meridian, Ms., through a broken window on north side of building. Both subjects carried sacks or bags in their hands, they ran south to apartment house (1312 23rd Ave.) directly behind pharmacy. Subjects described as # 1 medium build, blondish hair, jeans and waist length type coat, # 2 medium build darker blonde hair than # 1. Witness stated one voice sounded female. A piece of lumber approximately 1" thick 12" wide and 11 feet long was found extending from top of pharmacy to upstairs porch of 1312 23rd Avenue. Entry to pharmacy was gained from the roof of pharmacy. Occupant of apartment D 1312 23rd Avenue allowed officers to search his apartment (Larry Lauterbach). Occupant of apartment B (Al Yochim) allowed officers to search apartment. Occupant of apartment C was not at home. Occupants of apartment A Pee Wee Melvin and Paula Foley refused to let officers enter without search warrant. They both fit above descriptions and acted very nervous. Apartment house was surrounded approximately 2-3 minutes after incident was reported.
We are of the opinion that the affidavit contains sufficient underlying facts and circumstances from which a detached and independent magistrate could find probable cause. Since the information was furnished by an eyewitness rather than information from an informer, there was no need to show that the party supplying the information was a credible person. Wolf v. State, 281 So.2d 445 (Miss. 1973).
Under Proposition II appellant contends that by looking through the bedroom window of her apartment, the police conducted an illegal search which eventually led to the issuance of the search warrant and the gathering of incriminating evidence. Appellant urges that an illegal search once begun never ceases and all incriminating evidence secured thereby was tainted with illegality. The state in answer to this contention contends that the officer *1037 was in hot pursuit of fleeing felons, and in searching for the felons, he had a right to be outside the window of the apartment and to look into the apartment. We are of the opinion that Officer Eubanks had a right, while in hot pursuit of suspected fleeing felons, to knock on the door of the apartment and make inquiry relative to the occupants as to whether the occupants had seen the felons or could give any information leading to their whereabouts. When Eubanks knocked on the door and no one answered, he then went outside and looked in the window to see if anyone was in the apartment. Under these circumstances this was neither a trespass nor such an invasion of privacy as to invalidate the search made after procuring a valid search warrant. Ferguson v. State, 323 So.2d 745 (Miss. 1975).
The only other error assigned is in regard to an instruction granted at the request of the state to the effect that appellant could be found guilty as an accomplice. We are of the opinion that the facts and circumstances of this case justified the granting of this instruction and it is supported by the evidence.
We find that this was a well-tried case and that counsel for appellant was diligent in seeing that her Constitutional rights were protected at every stage of the proceeding. Appellant received a fair trial and the jury was justified in finding her guilty as charged. There being no reversible error, this case must be and is affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH, P.J., and ROBERTSON, SUGG, WALKER, BROOM, LEE, and BOWLING, JJ., concur.