[Crim. No. 13653.   Second Dist., Div. One.   Mar. 29, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. DONALD PAUL BERRY, Defendant and Appellant.

Bernay, Christensen, Goldberg & Kippen and Richard H. Christensen for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and William V. Ballough, Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from a judgment of conviction of burglary.

Appellant was originally charged with burglary with explosives (Pen. Code, § 464) but following the preliminary hearing the information was amended to charge him in a second count with burglary. The case was submitted on the transcript of the preliminary hearing augmented by further testimony by stipulation. The court found appellant guilty of burglary, dismissed the first count, denied probation, and sentenced appellant to state prison for the term prescribed by law.

There is no merit to appellant's contentions that he was arrested without probable cause and interrogated in violation of his constitutional rights.

The record discloses that Samuel Kotnik at around 11 p.m. on the evening of April 27, 1965, reported to the sheriff's office a suspicious incident which occurred in the vicinity of his restaurant. That evening Kotnik, who lived in Newhall near the restaurant which he owned and operated, was aroused by loud sounds outside his residence. When he went outside to investigate, his attention was attracted by a flash of fire in the phone booth located near his restaurant on San Fernando Road. The area was well lighted and he was able to distinguish the figures of two men. One, who wore a white shirt, was inside the phone booth and the other stood in front of the booth's folding door. When he yelled out, "What are you guys doing down there?" the men ran to a red pickup truck parked nearby and headed south on San Fernando Road with headlights off.

The sheriff's office was alerted by Kotnik's call and only six minutes later Officers Nere and Bertram, proceeding north on San Fernando Road, located a red pickup truck with three occupants traveling south. The officers turned around and stopped the vehicle near the sheriff's station, less than two miles south of Kotnik's restaurant. The officers requested that the occupants of the vehicle get out and identify themselves.

Two acetylene gas bottles with hoses and a torch attached lay in the exposed bed of the pickup, and Officer Nere, touching the tip of the torch, noted that it was still hot.

When appellant and his companions were questioned, they said they had stopped for beers at a couple of taverns, but each denied that they had stopped anywhere after leaving "Ace Cain's" bar sometime earlier. When questioned about the plainly visible acetylene equipment, appellant said he had borrowed it from a friend and had last used it several hours before. Neither he nor his companions could explain why the tip was still hot.

Meanwhile, the sheriff's unit investigating the scene of the crime reported by radio to Officers Nere and Bertram that there had been an attempted burglary of the phone booth, which was still hot and smoldering. They found burn marks on the coin box lock and the left corner of the coin cover. The officers, after receiving this information, arrested appellant and his companions for attempted burglary. A subsequent search of the pickup truck revealed a nail bar, a hatchet, and three pairs of cloth gloves.

A special agent for the telephone company testified that no one had been given permission to dismember the phone in question which was in good order prior to the evening of April 27, 1965. A police expert on the use of explosives in crime testified that the nature of the damage inflicted on the phone booth indicated that an oxy-acetylene torch had been used and the condition of the coin box disclosed probable effective entry.

Appellant did not testify.

■   Appellant contends that Officer Nere made an illegal search without probable cause when he touched the tip of the acetylene torch and that appellant's subsequent arrest based upon this evidence was invalid. It is obvious that the officers, who had been contacted to investigate the report of "suspicious action" near the phone booth and the flight of suspects in a red pickup truck, based appellant's arrest upon substantial evidence independent of the hot torch tip. When they intercepted appellant's red pickup truck traveling south on the highway, only six minutes and less than two miles from the scene of the crime, they acted reasonably in questioning its occupants. (*People* v. *Mickelson,* 59 Cal.2d 448, 452 [30 Cal.Rptr. 18, 380 P.2d 658]; *People* v. *Martinez,* 228 Cal.App. 2d 739, 743 [39 Cal.Rptr. 839].) They conducted no search; the acetylene equipment was within plain sight and easy

reach. (*People* v. *Martin*, 45 Cal.2d 755, 762 [290 P.2d 855]; *People* v. *Barnett*, 159 Cal.App.2d 22, 30 [323 P.2d 96].)

■ When the officers in addition learned that the phone booth exhibited signs that it had been attacked with an acetylene torch, they were justified in arresting the suspects on a strong suspicion of their guilt. The touching of the torch tip did not constitute an illegal search and contributed in a relatively small way to the abundant grounds for probable cause which appeared without that evidence.

■ Appellant's contention that the statements elicited from him during the investigation at the time of his apprehension were inadmissible cannot be supported by the decision in *Miranda* v. *Arizona*, 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974]) because his trial was held before June 13, 1966. (*People* v. *Rollins*, 65 Cal.2d 681, 683 [56 Cal.Rptr. 293, 423 P.2d 221].) Moreover, the questioning was purely investigatory (*People* v. *Jacobson*, 63 Cal.2d 319, 328 [46 Cal.Rptr. 515, 405 P.2d 555]; *People* v. *Washington*, 237 Cal.App.2d 59 [46 Cal.Rptr. 545]; *People* v. *Shawver*, 235 Cal.App.2d 859, 861-862 [45 Cal.Rptr. 767]) and no objection was made to the introduction of the evidence at the hearing, an acknowledgment that trial counsel was satisfied that the evidence was admissible. (*People* v. *Doherty*, 67 Cal.2d 9, 14-15 [59 Cal.Rptr. 857, 429 P.2d 177]; *People* v. *Sanchez*, 239 Cal.App.2d 51, 55 [48 Cal.Rptr. 424].)

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.