[Crim. No. 711. Fifth Dist. Nov. 6, 1969.]

THE PEOPLE, Plaintiff and Respondent, v.
CALVIN ROBINSON, Defendant and Appellant.

## COUNSEL

Helm & Harding and Merle L. Harding for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Edsel W. Haws and Edward W. Bergtholdt, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**COAKLEY, J.**—Appellant was convicted and sentenced to prison on two counts of an information, each charging receipt of stolen property (Pen. Code, § 496). He does not challenge the sufficiency of the evidence to support the conviction. The evidence of guilt on both counts is not merely substantial, but conclusive and overwhelming. For that reason, and because of the complexity and extent of the evidence, we will not describe or summarize it except where necessary to a discussion of the points of law considered herein.

### I.

Chief among appellant's specifications of error is the admission in evidence of the record of appellant's prior conviction in the federal court.

This prior conviction was pleaded in the information, and denied by appellant at the arraignment. Appellant's counsel moved the court to strike the prior, and to forbid evidence thereof for impeachment purposes.

The facts surrounding the prior conviction are: In 1961, appellant was convicted of forgery and placed on probation for five years. In 1964, he was unconditionally discharged from probation pursuant to section 5021, subdivision (b), of the Youth Corrections Act.[1] He contends that the effect of such unconditional discharge is to expunge the record of the federal offense for all purposes, including its use for impeachment purposes in a subsequent trial in a state or federal court. Appellant argues that, unlike Penal Code section 1203.4, which expressly authorizes the pleading and proof of a prior conviction in a later prosecution for an offense committed after earlier proceedings resulting in conviction have been dismissed pursuant to that code section, the federal statute contains no such reservation. For this and other reasons, appellant contends that his prior federal conviction cannot be used for any purpose.

While appellant's position is persuasive and may be well taken, he cites no case authority, federal or state, in support of his interpretation. Our independent research discloses no case construing that aspect of the federal statute. At least three federal cases[2] take cognizance of the statute. None, however, resolves the point at issue herein, each stating, in effect, that such determination was not necessary to a decision. We likewise find an interpretation of the federal statute unnecessary.

Assuming, arguendo, that the court erred in admitting evidence of the prior conviction, we nevertheless hold that its possible prejudicial effect was extremely remote for these reasons: (1) The evidence of guilt was overwhelming. "Because of this unbroken chain of evidence against petitioners and the lack of even one weak link we are convinced that 'the likelihood of material influence [of the confessions on the jury] is not within the realm of reasonable possibility.' (*People* v. *Coffey* (1967) 67 Cal.2d 204, 220 [60 Cal.Rptr. 457, 430 P.2d 15].) The evidence against petitioners was so overwhelming that we find no prejudice." (*In re Hill,* 71 Cal.2d 997, 1015 [80 Cal.Rptr. 537, 458 P.2d 449]; see Cal.Const., art. VI, § 13.)

---

[1] 18 U.S.C.A. section 5021, subdivision (b): "Where a youth offender has been placed on probation by the court, the court may thereafter, in its discretion, unconditionally discharge such youth offender from probation prior to the expiration of the maximum period of probation theretofore fixed by the court, which discharge shall automatically set aside the conviction, and the court shall issue to the youth offender a certificate to that effect."

[2] *Weaver* v. *United States* (D.C. Cir. 1969) 408 F.2d 1269, fn. 2 at p. 1272; *Brown* v. *United States* (D.C. Cir. 1966) 370 F.2d 242, fn. 10 at p. 245; *Tatum* v. *United States* (1962) 310 F.2d 854, fn. 2 at p. 856 [114 App.D.C. 49].)

(2) Evidence of the prior conviction and of appellant's unconditional discharge was received by the jury pursuant to Penal Code section 1025. The jury found the charged prior conviction not true. No issue as to the constitutionality of the prior conviction was raised as in *People* v. *Coffey*, 67 Cal.2d 204 [60 Cal.Rptr. 457, 430 P.2d 15] and *People* v. *Curtis*, 70 Cal.2d 347 [74 Cal.Rptr. 713, 450 P.2d 23].

(3) The trial judge instructed the jury that a prior conviction of a felony, if true, may be considered in judging the credibility of a witness (defendant), but that it raises no presumption that the witness has testified falsely in the case at bench and such conviction does not necessarily destroy his credibility. (CALJIC No. 54-B.)

## II

■ Appellant's second specification of error is that he was denied his constitutional rights by law enforcement officers. This allegation arises out of the following sequence of events:

### (a) *Investigation by Officer Chilimidos*

Officer Chilimidos, employed by the California Highway Patrol as an investigator in the auto theft detail, testified that he had received information from an automobile wrecking firm that "some automobile parts (presumably suspected of being stolen) had shown up in various auto wreckers." He commenced an investigation on October 4, 1965, calling at various automobile wrecking yards. In the course of the investigation, he came upon parts of a green 1965 MGB Roadster and a 1963 orange and white GMC pickup. At two of the yards, he was told that MGB Roadster parts had been purchased from appellant, and the owner of another yard said that appellant had purchased a 1963 orange and white GMC pickup. Officer Chilimidos then drove to the service station operated by the appellant. There he saw a 1964 GMC pickup bearing the license plate which had been issued to the orange and white 1963 pickup. He also observed that the vehicle identification number was missing, and that the engine had been removed. Officer Chilimidos did not speak with appellant at that time, and he did not then have any information concerning the theft of an MGB Roadster or a 1964 GMC pickup. On the evening of October 4, he issued an all-points bulletin requesting information regarding possible theft of the three vehicles herein described.

Officer Chilimidos then testified that, on October 5, he returned to appellant's service station and spoke with him. At this point, the district attorney questioned the officer for the purpose of laying a foundation for the admission of his conversation with the appellant. After eliciting that appellant's statements were made freely and voluntarily, though he was not

then advised of his rights to counsel and to remain silent, the district attorney asked counsel for appellant if he wished to *voir dire* the officer. Counsel replied in the negative. Officer Chilimidos then repeated the appellant's statement in which appellant attempted to account for his coming into possession of the MGB Roadster, and the 1963 and 1964 GMC pickups.

On October 6, Officer Chilimidos received a teletype message from the Piedmont Police Department that an MGB Roadster, belonging to Stephen Hanson, had been stolen. He also received a teletype message from the Marysville Police Department that a 1964 GMC pickup had been stolen. Information in the teletypes checked with the MGB parts observed by the officer at the wrecking yards, and with the 1964 GMC pickup, which he had observed at appellant's service station.

On October 7, Officer Chilimidos spoke by telephone with officers from the Piedmont and the Marysville Police Departments. On October 8, Officer Kolos of the Marysville Police Department and Inspector Lamp of the Piedmont Police Department arrived in Sacramento where, in the company of Officer Chilimidos and Stephen Hanson, they visited two of the wrecking yards previously referred to. There Hanson positively identified the MGB parts as parts from his missing car. The three officers then went to appellant's service station where Officer Kolos identified the 1964 pickup as belonging to his father. Thereupon, Officer Chilimidos placed appellant under arrest. The officer testified that he advised appellant of his rights to an attorney and to remain silent, and that any statement he might make could be used against him. Appellant was then taken to the office of the California Highway Patrol where he voluntarily made a statement purporting to account for his coming into possession of the vehicle parts herein described. At the trial, Officer Chilimidos related the statement made to him by appellant at the highway patrol office in the presence of Inspector Lamp and Officer Kolos. Counsel offered no objection to Officer Chilimidos' repetition of appellant's statement, and did not question the officer on *voir dire*.

Appellant now contends that his constitutional rights were violated on October 5, when he was questioned by Officer Chilimidos without first being advised of his rights. We disagree. When Officer Chilimidos interviewed appellant on October 5, the officer was then in the course of a general investigation or follow-up of a report that suspected stolen automobile parts were showing up in various wrecking yards. Officer Chilimidos did not then know, or have any reasonable basis for believing, that the MGB parts or the 1964 pickup were stolen. He only knew that someone suspected that parts of stolen vehicles were appearing in various wrecking yards. In fact, the appellant had purchased the 1963 pickup in question

from another wrecking yard. It was not until October 6 that Officer Chilimidos learned, in response to his all-points bulletin, that an MGB Roadster, matching the description of the MGB parts found in two of the yards, and a 1964 GMC pickup had in fact been stolen. We find, therefore, that there was no denial of appellant's constitutional rights in not advising him of his right to counsel and to remain silent before questioning him. (*People* v. *Dorado*, 62 Cal.2d 338, 348 [42 Cal.Rptr. 169, 398 P.2d 361]; *People* v. *Berry*, 260 Cal.App.2d 654 [67 Cal.Rptr. 315].)

■ Finally, we point out that, though invited to voir dire the officer before his testimony was received, counsel for appellant did not do so, and did not object to the testimony relating to the statements made by the appellant. The error, if any, in receiving such testimony was therefore waived. (*People* v. *Berry, supra*, 260 Cal.App.2d 654, 657; *People* v. *Sanchez*, 239 Cal.App.2d 51 [48 Cal.Rptr. 424].)

(b) *Testimony of Inspector Lamp.*

■ Inspector Lamp had a conversation with appellant in Piedmont on October 9; this was after appellant had been arrested. The inspector testified concerning that conversation, and was permitted to refresh his recollection by making reference to his written memorandum. It is not contended that appellant was not advised of his constitutional rights before being questioned by Inspector Lamp.

The prosecution attempted to introduce Inspector Lamp's memorandum into evidence, but the defense properly objected because the document had not been signed by appellant. The trial court sustained the objection, ruling that the inspector could use the memorandum only to refresh his recollection of the conversation. Defense counsel also conceded that the memorandum could be used to refresh the inspector's memory. Appellant now seems to contend that, since he did not sign the memorandum, testimony concerning that conversation could not be introduced for any purpose. ■ It is well established, however, that an admission, even though not in writing and signed by the defendant, may be proved by the testimony of anyone who was present and heard the declarations when they were made (*People* v. *Fitzgerald*, 56 Cal.2d 855, 860 [17 Cal.Rptr. 129, 366 P.2d 481].) ■ In addition, the court instructed the jury to view with caution the testimony of any witness which purported to relate an oral admission made by the defendant at a time when he was not under oath.

### III.

■ The third error urged by appellant concerns the court's denial of his motion for a mistrial.

In chambers immediately before trial, the district attorney moved to dismiss two counts of the information charging grand theft-auto (Pen. Code, § 487). The motion was granted. A discussion ensued between court and counsel, in appellant's presence, as to how best to amend the information on its face. Agreement was reached, and deletions and changes of wording were made. All then repaired to the courtroom where, in his preliminary remarks to the prospective jurors, the trial judge correctly read the information as amended. He made no mention of grand theft. A jury was selected and sworn, following which the trial adjourned. On the resumption of the trial the following day, the clerk was instructed to read the information. The clerk did so, and inadvertently used the words, "Information for Grand Theft-Auto and . . . ." Immediately, the court interrupted and directed the clerk to read the information as amended. The clerk then read the information as amended, doing so correctly. Thereupon, defense counsel, in the presence of the jury, moved for a mistrial, stating that: "Defendant is not charged with Grand Theft Auto," and that he objected to any reference to grand theft. The district attorney then suggested that the motion be heard outside the presence of the jury. The court heard argument in chambers, and pointed out that, in amending the information on its face the preceding day, they had neglected to change the caption of the information (charging grand theft-auto); that it was a mutual mistake of court and counsel for which the clerk was not to blame; and that the misreading was inadvertent. He then denied the motion.

Appellant cites no authority for his contention of prejudicial error. We, nevertheless, consider the point on its merits. The trial consumed four days. The abbreviated reference to grand theft was made at the beginning of the second day. Grand theft was not mentioned again during the remaining three days of the trial. Under these circumstances, it cannot reasonably be held that the jury was prejudicially influenced by the reference to grand theft. Further, prejudice, if any, was invited by counsel for appellant when he moved for a mistrial in the presence of the jury. He cannot now be heard to complain. (*People* v. *Darmiento,* 243 Cal.App.2d 358, 366 [52 Cal. Rptr. 428].)

Other alleged errors of law are raised by appellant. We have independently examined the record and find no support for his contentions.

The judgment is affirmed.

Gargano, Acting P. J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 23, 1969.